[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12141
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00531-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL RAIAN ROCCA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 28, 2010)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Michael Raian Rocca appeals his 90-month sentence, which the district

court imposed after Rocca pled guilty to possession of cocaine with intent to

distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of a firearm in furtherance of drug trafficking in violation of 21 U.S.C. § 924(c), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Rocca argues that his sentence is unreasonable because the district court failed to consider both his substantial assistance to authorities and his extraordinary family circumstances. After thorough review, we affirm.

We review a final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Reasonableness review is akin to the deferential abuse-of-discretion standard, Gall v. United States, 128 S. Ct. 586, 591 (2007), and we will reverse only if the district court's error constitutes a clear error of judgment. United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). The party who challenges the sentence must establish that the sentence is unreasonable in light of both the record and the factors enumerated in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Rocca first argues that the district court erred by failing to consider the substantial assistance he provided to federal authorities after he was apprehended. Although the court did not engage in an extensive discussion of Rocca's assistance, we conclude that the court gave adequate consideration to whether that

2

assistance warranted a lesser sentence. Furthermore, the district court explained that it had considered the advisory guidelines and the factors set forth in 18 U.S.C. § 3553. Under the circumstances of this case, this explanation was sufficient. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

We also reject Rocca's contention that the district court failed to consider his family circumstances when imposing his sentence. Before imposing his sentence, the district court listened to testimony from Rocca's defense counsel and his fiancée. Both asked the court to impose a lenient sentence because Rocca was the primary income-earner for his family. The district court listened to those arguments, but concluded that a within guidelines sentence was nonetheless warranted. There was no error in this conclusion. As a result, under these circumstances Rocca's sentence was reasonable.

For these reasons, we affirm.

**AFFIRMED.**